## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ |
| v. | ) ) CLASS ACTION ) |
| SUNTRUST BANKS, INC., WILLIAM H. ROGERS JR., AGNES BUNDY SCANLAN, DALLAS S. CLEMENT, PAUL R. GARCIA, M. DOUGLAS IVESTER, DONNA S. MOREA, DAVID M. RATCLIFFE, FRANK P. SCRUGGS JR., BRUCE L. TANNER, STEVEN C. VOORHES, THOMAS R. WATJEN, and BB&T CORPORATION, | ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on February 7, 2019 (the "Proposed Transaction"), pursuant to which SunTrust Banks, Inc. ("SunTrust" or the "Company") will be acquired by BB&T Corporation ("BB&T").

2. On February 7, 2019, SunTrust's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with BB&T. Pursuant to the terms of the Merger Agreement, shareholders of SunTrust will receive 1.295 shares of BB&T common stock for each share of SunTrust common stock they own.

3. On March 11, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of SunTrust common stock.

9. Defendant SunTrust is a Georgia corporation and maintains its principal executive offices at 303 Peachtree Street, N.E., Atlanta, Georgia 30308. SunTrust's common stock is traded

on New York Stock Exchange under the ticker symbol "STI." SunTrust is a party to the Merger Agreement.

10. Defendant William H. Rogers Jr. is Chief Executive Officer and the Chairman of the Board of the Company.

11. Defendant Agnes Bundy Scanlan is a director of the Company.

12. Defendant Dallas S. Clement is a director of the Company.

13. Defendant Paul R. Garcia is a director of the Company.

14. Defendant M. Douglas Ivester is a director of the Company.

15. Defendant Donna S. Morea is a director of the Company.

16. Defendant David M. Ratcliffe is a director of the Company.

17. Defendant Frank P. Scruggs Jr. is a director of the Company.

18. Defendant Bruce L. Tanner is a director of the Company.

19. Defendant Steven C. Voorhees is a director of the Company.

20. Defendant Thomas R. Watjen is a director of the Company.

21. The defendants identified in paragraphs 10 through 20 are collectively referred to herein as the "Individual Defendants."

22. Defendant BB&T is a North Carolina corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of SunTrust (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24. This action is properly maintainable as a class action.

3

25. The Class is so numerous that joinder of all members is impracticable. As of February 5, 2019, there were approximately 442,341,518 shares of SunTrust common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

30. SunTrust provides deposit, credit, trust, investment, mortgage, asset management,

securities brokerage, and capital market services.

31. Headquartered in Atlanta, SunTrust has two business segments: Consumer and Wholesale.

32. The Company's flagship subsidiary, SunTrust Bank, operates an extensive branch and ATM network throughout the high-growth Southeast and Mid-Atlantic states, along with 24-hour digital access. Certain business lines serve consumer, commercial, corporate, and institutional clients nationally.

33. As of December 31, 2018, SunTrust had total assets of $216 billion and total deposits of $163 billion.

34. On February 7, 2019, the Company's Board caused the Company to enter into the Merger Agreement.

35. Pursuant to the terms of the Merger Agreement, shareholders of the Company will receive 1.295 shares of BB&T common stock for each share of SunTrust common stock they own.

36. According to the press release announcing the Proposed Transaction:

SunTrust Banks, Inc. (NYSE: STI) and BB&T Corporation (NYSE: BBT) announced today that both companies' boards of directors have unanimously approved a definitive agreement to combine in an all-stock merger of equals valued at approximately $66 billion. The combined company will be the sixth-largest U.S. bank based on assets and deposits.

The pro forma company will have approximately $442 billion in assets, $301 billion in loans, and $324 billion in deposits serving more than 10 million households in the United States, with leading market share in many of the most attractive, high-growth markets in the country. The incremental scale positions the new company to achieve industry-leading financial and operating metrics with the strongest return profile among its peers.

In a reflection of the equal contribution both banks bring to the new institution, the combined company will operate under a new name and brand, which will be determined prior to closing. The combined company's board of directors and executive management team will be evenly split between the two institutions. A new corporate headquarters will be established in Charlotte, NC, including an

Innovation and Technology Center to drive digital transformation. In the current home markets for both companies, the combined company will maintain the Community Banking Center in Winston-Salem, NC and the Wholesale Banking Center in Atlanta, GA. This continued strong presence is also supported by the combined company's commitment to increase the respective banks' current levels of community investment.

GAAP and Cash EPS accretion per BB&T share in 2021 is expected to be approximately 13% and 17%, respectively (based on Street estimates). GAAP and Cash EPS accretion per SunTrust share in 2021 is expected to be approximately 9% and 16%, respectively (based on Street estimates). SunTrust shareholders will receive a 5% increase in their dividend upon consummation of the transaction based upon each Company's current dividend per share. Under the terms of the merger agreement, SunTrust shareholders will receive 1.295 shares of BB&T for each SunTrust share they own. BB&T shareholders will own approximately 57% and SunTrust shareholders will own approximately 43% of the combined company.
. . .

New Company Leadership Team, Succession Plan and Governance

Kelly S. King, Chairman and Chief Executive Officer of BB&T and its bank subsidiary, will serve as Chairman and Chief Executive Officer of the combined company and its bank subsidiary until Sept. 12, 2021, after which time he will serve as Executive Chairman of both entities until March 12, 2022. King will continue to serve on the Board of Directors of the combined company until the end of 2023.

William H. Rogers, Jr., Chairman and Chief Executive Officer of SunTrust will serve as President and Chief Operating Officer of the combined company and its bank subsidiary until Sept. 12, 2021, at which time he will become Chief Executive Officer of the combined company and its bank subsidiary. He will also hold a seat on the combined company's Board of Directors through his position as President and Chief Operating Officer and then Chief Executive Officer. On March 12, 2022, Rogers will also become Chairman and Chief Executive Officer of the combined company and its bank subsidiary.

Upon the closing of the transaction, the Board of Directors of the combined company will consist of members equally split between BB&T and SunTrust's current Directors. David M. Ratcliffe, current Lead Director of SunTrust, will serve as Lead Director of the combined company until March 12, 2022 after which the Lead Director will be a legacy BB&T Director.

The combined company's executive management team will be comprised equally from SunTrust and BB&T. They include Chris Henson, Clarke Starnes (Chief Risk Officer), Daryl Bible (Chief Financial Officer), Allison Dukes, Brant Standridge, David Weaver, Dontá Wilson, Ellen Fitzsimmons, Ellen Koebler, Hugh (Beau) Cummins, Joseph Thompson and Scott Case.

Timing and Approvals

The merger is expected to close in the fourth quarter of 2019, subject to satisfaction of customary closing conditions, including receipt of customary regulatory approvals and approval by the shareholders of each company.

Advisors

RBC Capital Markets served as financial advisor and Wachtell, Lipton, Rosen & Katz served as legal counsel to BB&T in this transaction. Goldman Sachs and SunTrust Robinson Humphrey served as financial advisors and Sullivan & Cromwell served as legal counsel to SunTrust in this transaction.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

37.   Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

38.   As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

39.   The Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Goldman Sachs & Co. LLC ("Goldman").

40.   With respect to Goldman's *Illustrative Present Value of Future Stock Price Analysis for SunTrust*, the Registration Statement fails to disclose: (i) Goldman's basis for applying illustrative price to earnings per share ("EPS") multiples of 10.0x to 11.0x; (ii) the individual inputs and assumptions underlying the discount rate of 9.5%; (iii) estimated dividends; and (iv) estimated EPS for 2020, 2021, and 2022.

41.   With respect to Goldman's *Regression Analysis for SunTrust*, the Registration Statement fails to disclose: (i) the 2020 estimated return on average tangible common equity

("2020E ROATCE") for the selected companies observed by Goldman; and (ii) the 2020E ROATCE for SunTrust.

42.     With respect to Goldman's *Illustrative Discounted Dividend Analyses for SunTrust on a Stand-Alone Basis*, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 8.5% to 10.5%; (ii) the implied distributions to holders of SunTrust common stock; (iii) the range of illustrative terminal values for SunTrust; (iv) Goldman's basis for applying illustrative price to EPS multiples ranging from 10.0x to 11.0x; (v) SunTrust's terminal year net income; and (vi) the total number of fully diluted shares of SunTrust common stock outstanding.

43.     With respect to Goldman's *Selected Companies Analyses for BB&T on a Stand-Alone Basis*, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by Goldman in the analyses.

44.     With respect to Goldman's *Illustrative Present Value of Future Stock Price Analysis for BB&T on a Stand-Alone Basis*, the Registration Statement fails to disclose: (i) Goldman's basis for applying illustrative price to EPS multiples of 10.3x to 11.3x; (ii) estimated EPS for 2020, 2021, and 2022; (iii) the individual inputs and assumptions underlying the discount rate of 8.5%; and (iv) estimated dividends.

45.     With respect to Goldman's *Regression Analysis for BB&T on a Stand-Alone Basis*, the Registration Statement fails to disclose: (i) the 2020E ROATCE for BB&T on a stand-alone basis; and (ii) the range of 2020E ROATCEs for the selected companies.

46.     With respect to Goldman's *Illustrative Discounted Dividend Analyses for BB&T on a Stand-Alone Basis*, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 7.5% to 9.5%; (ii) the implied distributions

to holders of BB&T common stock on a stand-alone basis; (iii) the range of illustrative terminal values for BB&T; (iv) Goldman's basis for applying illustrative price to EPS multiples ranging from 10.3x to 11.3x; (v) the estimate of BB&T's terminal year net income; and (vi) the total number of fully diluted shares of BB&T common stock outstanding.

47. With respect to Goldman's *Illustrative Present Value of Future Stock Price Analyses for SunTrust Shares on a Pro Forma Basis*, the Registration Statement fails to disclose: (i) Goldman's basis for applying illustrative price to EPS multiples of 10.1x to 11.1x; (ii) estimated EPS for 2021, 2022, and 2023; (iii) the synergies used by Goldman in the analysis; (iv) the individual inputs and assumptions underlying the discount rate of 9.0%; and (v) estimated dividends.

48. With respect to Goldman's *Regression Analysis for SunTrust Shares on a Pro Forma Basis*, the Registration Statement fails to disclose: (i) the 2021E ROATCE for BB&T on a pro forma basis; (ii) the range of 2020E ROATCEs for the selected companies; and (iii) the individual inputs and assumptions underlying the discount rate of 9.0%.

49. With respect to Goldman's *Illustrative Discounted Dividend Analyses for SunTrust Shares on a Pro Forma Basis*, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 8.0% to 10.0%; (ii) the implied distributions to/infusions from holders of BB&T's common stock on a pro forma basis; (iii) the synergies used by Goldman in the analysis; (iv) the range of illustrative terminal values for BB&T; (v) Goldman's basis for applying illustrative price to EPS multiples ranging from 10.1x to 11.1x; (vi) BB&T's terminal year net income; and (vii) the total number of fully diluted shares of BB&T common stock outstanding.

50. With respect to Goldman's *Illustrative Contribution Analysis*, the Registration Statement fails to disclose: (i) the implied equity contributions of BB&T and SunTrust to the pro forma combined company; and (ii) the number of fully diluted shares of BB&T common stock and SunTrust common stock outstanding.

51. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

52. The Registration Statement also fails to disclose the terms of the engagement of the Company's additional financial advisor, SunTrust Robinson Humphrey ("SRH"). Among other things, the Registration Statement fails to disclose the amount of compensation SRH will receive in connection with its engagement, as well as the amount of SRH's compensation that is contingent upon consummation of the Proposed Transaction. Further, the Registration Statement fails to disclose whether SRH has performed past services for any parties to the Merger Agreement or their affiliates, as well as the timing and nature of such services and the amount of compensation received by SRH for such services.

53. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

54. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) SunTrust's Reasons for the Merger; Recommendation of SunTrust's Board of Directors; and (iii) Opinion of SunTrust's Financial Advisor.

55. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and SunTrust

56. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

57. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. SunTrust is liable as the issuer of these statements.

58. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

59. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

60. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

61. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

62. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

63. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and BB&T

64. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

65. The Individual Defendants and BB&T acted as controlling persons of SunTrust within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of SunTrust and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

66. Each of the Individual Defendants and BB&T was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

67. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were

12

thus directly involved in the making of the Registration Statement.

68. BB&T also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

69. By virtue of the foregoing, the Individual Defendants and BB&T violated Section 20(a) of the 1934 Act.

70. As set forth above, the Individual Defendants and BB&T had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.	Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.	Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 20, 2019							**HOLZER & HOLZER, LLC**

By: */s/ Corey D. Holzer*

Corey D. Holzer
Georgia Bar # 364698
Marshall P. Dees
Georgia Bar # 105776
1200 Ashwood Parkway, Suite 410
Atlanta, GA 30338
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

**RIGRODSKY & LONG, P.A.**
Gina M. Serra
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
(302) 295-5310

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800

*Attorneys for Plaintiff*